The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, AR 75502
Dear Senator Dowd:
This is in response to your request for an opinion regarding whether the mayor of a second class city has sole authority to hire and fire city employees, particularly a city secretary. As I will explain below, the answer to this question appears to depend upon the charter and ordinances of the particular city.
The hiring and firing of municipal employees must be distinguished from the appointment and removal of municipal officers and department heads, which is generally governed by A.C.A. §§ 14-42-101 to -114 (1987). It is my understanding and opinion that the city secretary referred to in your opinion request is a municipal employee, rather than an officer or department head. See generally 56 Am. Jur. 2d MunicipalCorporations, Counties, and other Political Subdivisions §§ 233 and 234 (1971).
The general rule regarding the hiring and firing of municipal employees appears to be as follows: "in the absence of a statute providing otherwise, the method of appointment of employees prescribed by the charter and ordinances (of the municipality) is exclusive and must be followed." 62 C.J.S. MunicipalCorporations § 709 (1949). The hiring of municipal employees of second class cities in Arkansas does not appear to be addressed by statute. In the absence of statutory authority on the subject, it is my opinion that, in keeping with the above-stated proposition, the charter and ordinances of the particular city must be consulted and followed in this regard. With respect to the removal of a municipal employee, it has been stated that "in the absence of a statute otherwise providing, the power to discharge a municipal employee ordinarily is possessed by the agency which was empowered to appoint him." 62 C.J.S. MunicipalCorporations § 735 (1949). As there likewise appear to be no statutes governing the firing or removal of municipal employees of second class cities in this state, it is my opinion that such action must be governed by the charter and ordinances of the particular city. My conclusion is, of course, necessarily dependent upon the city's charter and ordinances not being in contravention of state law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh